IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | : : | No. 3:04cv1714 |
| Plaintiff | : : | (Judge Munley) |
| v. | : : | |
| LORRAINE WISNIESKI, | : | |
| Defendant | : | |

**MEMORANDUM**

Presently before the Court for disposition is Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Summary Judgment. This matter has been fully briefed and is ripe for disposition. For the following reasons, we will grant the motion and enter judgment on behalf of State Farm.

**I.    Background**

On January 2, 2002 Defendant Lorraine M. Wisnieski ("Wisnieski") was a passenger in a 1998 Honda operated by her mother, Lorraine R. Wisnieski, when the vehicle was involved in a one-car accident. Wisnieski's father, Roman J. Wisnieski owned the 1998 Honda and had a policy with State Farm with a per person liability insurance limit of $100,000 ("1998 policy"). Roman Wisnieski also owned a 1996 Honda, which he insured with State Farm under policy number 6432-558 ("1996 policy.") The 1996 policy provided underinsured motorist coverage with a $100,000 limit. Wisnieski now seeks underinsured motorist benefits under the 1996 policy on the theory that the 1998 Honda involved in the accident was an underinsured motor vehicle. The 1996 policy, however, specifically

excludes vehicles "furnished for the regular use of you, your spouse, or any relative" from the definition of underinsured motor vehicle. (Compl. Ex. A 19).

State Farm filed the instant suit and summary judgment motion seeking a declaratory judgment that the "family vehicle" exclusion applies to Defendant's claim under the policy.

## II.  Jurisdiction

We have diversity jurisdiction pursuant to 28 U.S.C. 1332 because the parties are diverse and the amount in controversy exceeds $ 75,000. Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)). As a federal court sitting in diversity, we are bound by the decisions of the Pennsylvania Supreme Court. Harris v. Pennsylvania Turnpike Commission, 410 F.2d 1332, 1335 (3d Cir. 1969).

## III.  Standard

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**IV.    Discussion**

State Farm argues that the family vehicle exclusion in the 1996 policy precludes Wisnieski's claim for underinsured motorist coverage. Wisnieski argues that the exclusion is void as a matter of public policy. She acknowledges that numerous cases have upheld the exclusion as consistent with public policy, Paylor v. Hartford Ins. Co., 640 A.2d 1234, 1240 (Pa. 1994); Sherwood v. Bankers Standard Ins. Co., 648 A.2d 1171 (Pa. 1994); Ridley v.

3

State Farm Mut. Auto Ins. Co., 745 A.2d 7 (Pa. Super. 1999), but attempts to distinguish each of these cases. We find that we are bound by the Pennsylvania Supreme Court's opinion in Paylor v. Hartford Ins. Co., 640 A.2d 1235 (Pa. 1994), which found that the exclusion does not violate public policy under the operative facts of this case.

> Public policy is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interest. . . . .It is only when a given policy is so obviously for or against the public health, safety, morals or welfare that there is a virtual unanimity of opinion in regard to it, that a court may constitute itself the voice of the community in declaring what is or is not in accord with public policy.

Paylor, 640 A.2d at 1235 (citations omitted).

Pennsylvania's Motor Vehicle Financial Responsibility Law (MVFRL), 75 PA. CONS. STAT. ANN. § 170, requires that all motor vehicle insurance policies include underinsured motor vehicle insurance. Id. at 1235-36. "The purpose of underinsured motorist coverage is to protect the insured (and his additional insureds) from the risk that a negligent driver of another vehicle will cause injury to the insured (or his additional insureds) and will have inadequate coverage to compensate for the injuries caused by his negligence." Id. (quoting Wolgemuth v. Harleysville Mutual Insurance Co., 535 A.2d 1145 (Pa. Super. Ct. 1988)).

In Paylor, Betty and Fred Dymond were killed in a single vehicle accident while driving their motor home. Id. at 585. Their daughter, the plaintiff, as administratrix of their estate, recovered the limits of the liability coverage that they maintained on the motor home. Id. at 586. She then sought to recover underinsured motorist benefits under a separate policy on her parents' three cars, under the theory that the motor home was underinsured. Id. at

4

586. The underinsured motorist carrier denied coverage, citing the family car exclusion. Id. The court recognized that generally, the family vehicle exclusion is contrary to the policy of the MVFRL, but found an exception where "a plaintiff is attempting to convert underinsured coverage into liability coverage." Id. The court reasoned that both the liability insurance policy and the underinsured motorist policy were issued to the same individual, Fred Dymond, and voiding the family vehicle exclusion would allow the plaintiff to convert "inexpensive underinsured motorist coverage into liability coverage." Id.

Paylor distinguished Marroquin v. Mutual Benefit Ins. Co., 591 A.2d 290 (Pa. Super. Ct. 1991), which found the exclusion against public policy under different circumstances. In Marroquin, the plaintiff was injured when he was struck by an automobile owned and operated by his brother. Id. at 291. The plaintiff collected the liability limit on his brother's insurance policy, and advanced a claim for underinsured motorist benefits under a policy covering his parents' vehicle. Id. The court rejected the underinsured motorist insurer's argument that the family vehicle exclusion was enforceable under these circumstances because the plaintiff had not attempted to convert underinsured coverage into liability coverage. Id. at 296-98. His brother, the tortfeasor, maintained the liability policy, and his parents maintained the underinsured motorist coverage. Id. Thus, the underinsured motorist was not the same individual maintaining the underinsured coverage, and there was no reason to assume that the brother and parents acted in concert to convert the parent's underinsurance into the brother's liability coverage. Id.

Paylor held that Marroquin was distinguishable and Linder v. State Farm Auto Insurance Co., 364 N.W.2d 481 (Minn. App. Ct. 1985) applied.[1] In Linder, the plaintiff's brother struck her while driving a truck owned by their father. 364 N.W.2d at 482. The plaintiff recovered the liability limits on the truck. Id. She then sought underinsured motorist benefits on two other policies maintained by her father on two family cars. Id. The court upheld a family vehicle exclusion in the underinsured motorist coverage because the plaintiff's father could have purchased greater liability coverage on the truck, but instead sought coverage under the underinsured motorist policy. Id. "Linder was denied coverage because all three insurance policies were in the name of the same insured, her father. Since that was the case, if the Family Car Exclusion were to be invalidated, nothing would prevent the father from converting his inexpensive underinsured motorist coverage into liability coverage." Paylor, 640 A.2d at 1240-41 (quoting Marroquin, 591 A.2d at 297-98 (citing Linder v. State Farm Mut. Auto Ins. Co., 364 N.W.2d 481, 83 (Minn. App. Ct. 1985)).

Thus, Paylor established that the family vehicle exclusion is enforceable to prevent an insured from recovering underinsured motorist benefits if the insured himself is the underinsured motorist. The purpose of underinsured motorist insurance is to protect the insured from a third party tortfeasor's failure to obtain enough liability insurance, not to protect the insured from his own insufficient coverage. Id. Here, Wisnieski's father maintained both policies in question, and had he desired more liability insurance, he should

---

[1] Paylor found Minnesota case law persuasive because of the similarities between the Minnesota legislation in effect at the time and the MVFRL. 640 A.2d at 593 n.4.

have purchased it. Numerous cases, before and after Paylor, have prevented insureds from converting inexpensive underinsured motorist coverage into liability coverage. State Farm Mut. Ins. Co. v. Coviello, 220 F. Supp. 2d 401, 408-409 (M.D. Pa. 2002) (finding that a family vehicle exclusion did not violate public policy where an insured injured in her car attempted to recover underinsured motorist benefits under a policy issued to her daughter); Ridley v. State Farm Mutual Auto. Ins. Co., 745 A.2d 7, 14 (Pa. Super. Ct. 2000) (upholding a family vehicle exclusion to prevent the plaintiff from recovering under her father's underinsured motorist policy under the theory that her father failed to obtain sufficient liability coverage on his other vehicle); Newkirk v. United Services Automobile Assoc., 597 A.2d 1263, 1266 (upholding a family vehicle exclusion to prevent insured from recovering underinsured motorist benefits above the liability limit on her husband's vehicle); Wolgemuth v. Harleysville Mutual Ins. Co., 535 A.2d 1145, 1149 (Pa. Super. Ct. 1998) (finding that a passenger injured in one vehicle accident could not recover underinsured motorist benefits under the policy covering the vehicle where the liability coverage in the same policy was insufficient).

Wisnieski argues that her case is distinguishable from Paylor because her father purchased the maximum amount of underinsurance. We find this distinction immaterial. The relevant inquiry is whether the insured could have purchased additional liability insurance but instead relied on cheaper underinsured coverage. Plaintiff has produced no evidence nor even argued that her father was unable to purchase additional liability insurance

7

on the vehicle in the accident.

Wisnieski also attempts to distinguish her case from Paylor on the basis that her father purchased both policies from the same insurance company, whereas the decedents in Paylor purchased their liability and underinsured policies from different companies. This fact is irrelevant. See Ridley v. State Farm Mut. Auto Ins. Co., 745 A.2 7, 14 (Pa. Super. Ct. 2000) (following Paylor and upholding a family vehicle exclusion where the same insured purchased liability and underinsured motorist coverage from the same insurance company in two different policies because the insured could have purchased additional liability coverage).

Finally, Wisnieski argues that she can produce evidence that State Farm allowed an injured party to recover underinsured motorist benefits in a similar case. Wisnieski has not in fact produced this evidence. State Farm, furthermore, has distinguished the other case by noting that there the insured was involved in an accident with an unrelated tortfeasor. Furthermore, Wisnieski has produced no evidence, or even identified a legal theory, that would require State Farm to take the same position with her that it took with another insured. Equitable estoppel or implied waiver, for example, would apply only if she could establish by a preponderance of the evidence that she relied in good faith on a position assumed by Plaintiff. Goodwin v. Hartford Life Ins. Co., 491 F.2d 332, 333-34 (3d Cir. 1974). Wisnieski has produced no such evidence, nor even argued this point.

In conclusion, the purpose of underinsured motorist coverage is to protect the insured

from third parties who do not obtain sufficient liability insurance. An insured cannot use underinsured motorist coverage to protect herself from her own failure to purchase sufficient liability insurance. Therefore, we find that the family vehicle exclusion in the 1996 policy is enforceable under the facts of this case, and we will grant summary judgment for State Farm. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | : | No. 3:04cv1714 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| LORRAINE WISNIESKI, | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 21st day of February 2006, Plaintiff's Motion for Summary Judgment (Doc. 18) is hereby **GRANTED**. We hereby **DECLARE** that the "family vehicle exclusion" is enforceable under the facts of this case and, under this provision, Plaintiff is not liable to Defendant Lorraine M. Wisnieski for any underinsured motorist coverage under State Farm policy number 6432-558 for injuries arising out of the accident of January 2, 2002. The Clerk of Court is directed to enter judgment in favor of the Plaintiff and close this case.

BY THE COURT:


s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**